Francis X. Conlon, J.
Plaintiff moves for a temporary injunction restraining the defendant Rosenthal from interfering with the operation by plaintiff of a certain taxicab and further directing that the other defendants — the New York City Police Commissioner and the State Commissioner of Motor Vehicles — effect a return to the plaintiff of certain New York State motor vehicle license plates for the year 1962. The action is based upon an accomplished rescission and seeks equitable relief, plaintiff contending that the defendant Rosenthal frequently induced the creation of the subject partnership. It is conceded that the plaintiff was the owner of the taxicab in question and that a half interest therein was to be transferred to the defendant in consideration of the payment by him of the sum of $10,500. Plaintiff did make transfer of his one-half interest and caused the transfer of his medallion and of the license plates in favor of the partnership. The defendant in his opposing affidavit disputes the claimed agreement that he was to pay the plaintiff the sum of $10,500 and asserts that his sole contribution was to be the taxicab and medallion which the plaintiff transferred to the partnership. The defendant asserts in addition that the parties had entered into ‘ ‘ another agreement ’ ’ for the organization and operation of a dry-cleaning business to be financed by loans and by the sale of a taxicab which the defendant owned and thereafter sold pursuant to that agreement. Thus, the defendant seems to attempt to urge consideration and the payment thereof in support of the partnership agreement involving plaintiff’s taxicab by the assertion of a separate agreement for the formation of a distinct partnership. The consideration supplied by the defendant in the other and separate alleged arrangement cannot stand also as constituting the consideration furnished in connection with the agreement subject of plaintiff’s complaint.
Moreover, this defendant has instituted a suit against this plaintiff for dissolution of the alleged partnership subject of this action and in that complaint he alleges that he obligated himself to contribute to the capital of the subject partnership *295 his interest in a certain taxicab and medallion which are the taxicab and medallion owned by the plaintiff. No reference is made in that complaint to the claimed separate and distinct agreement concerning the organization of a dry-cleaning establishment.
Plaintiff alleges that the defendant has wrongfully removed from his taxicab the license plates attached thereto and in this situation neither the defendant nor the plaintiff is operating the taxicab to the loss of both and certainly to the loss of the plaintiff.
Since the action and the causes are based upon a claimed fraudulent inducement, no partnership exists if the agreement creating it has been rightfully rescinded. Sufficient has been established to warrant temporary injunctive relief. Accordingly, the defendant will be directed to assist in effectuating such transfers as will enable the plaintiff to operate the taxicab and the license plates and medallion will be held by the plaintiff for the benefit of the parties pending final determination of the action. Bond is fixed in the sum of $1,000.